UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OFFICE SPACE SOLUTIONS, INC., | **VERIFIED COMPLAINT** |
| Plaintiff, | |
| -*against*- | Civil Action No.: |
| JASON KNEEN, | ECF Case |
| Defendant. | |

The Plaintiff OFFICE SPACE SOLUTIONS, INC. (hereinafter "Office Space" or "Plaintiff"), by and through its attorneys, and as for its Complaint against the Defendant JASON KNEEN (hereinafter "Kneen" or "Defendant"), alleges, upon information and belief, as follows:

## NATURE OF THE ACTION

1. The Plaintiff seeks injunctive relief for acts of cybersquatting. This action arises under the Anticybersquatting Protection Act ("ACPA"), 15 U.S.C. § 1125 et seq.

## THE PARTIES

2. The Plaintiff Office Space Solutions, Inc. is a corporation existing under the laws of New York, having an office and place of business at 33 West 19th Street, New York, New York 10011.

3. Plaintiff is the owner of the registered trademark WORK BETTER.

4. Upon information and belief, the Defendant Kneen is an individual residing at 5 Graspan Road, Faberstown, Wiltshire, United Kingdom, SP119NY.

5. Defendant is a re-seller of domains and has attempted to force Plaintiff to spend significant sums to buy back the workbetter.com domain that Defendant owns.

## FACTS

6. On April 14, 2014, the Plaintiff filed an application for the WORK BETTER trademark.

7. On May 3, 2014, the Defendant, in an e-mail correspondence, requested an offer from the Plaintiff for the sale of the domain name Workbetter.com.

8. On May 15, 2014, the Defendant corresponded in several e-mails with the Plaintiff for the purpose of selling Workbetter.com for what the Defendant referred to as a high price.

9. On February 7, 2015, according to a whois.com search, Defendant renewed and/or updated his ownership of the domain workbetter.com through the provider Enom.

10. Since May 19, 2015, the Plaintiff has been and is now the title owner of Registration No. 4740626 for the Service Mark WORK BETTER in International Class 35.  A copy of the Registration is annexed as **Exhibit A**.

11. Defendant is engaged in the practice of re-selling over one hundred domain names through the website Jasonified.com, which is registered to the Defendant.  *See* **Exhibit B**.  Workbetter.com is one of the domain names for sale on the list.

12. Defendant engages in the business of reselling domains and is an author of books sold internationally.

13. Defendant's own website states "I work for clients in the UK, USA, I'm a speaker on Mobile development and am currently authoring two books on Titanium".

14. Defendant has developed what he calls "best selling mobile apps" for numerous international companies including Microsoft, Disney, and Rockstar games.

15. Defendant has developed and sold proprietary apps to international organizations such as the NBPA and Bed Bath & Beyond, along with numerous other apps that he describes as bestselling on iOS and Android systems.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 for claims arising under the Anticybersquatting Protection Act ("ACPA").

17. This Court has personal jurisdiction over the Defendant, pursuant to CPLR § 302(a)(3)(ii), because the Defendant derives substantial revenue from international commerce and expects or should reasonably expect his acts to have consequences in the State.

18. Venue is proper in this Judicial District because the injury to the Plaintiff occurred in New York.

## CLAIM FOR RELIEF

**Cybersquatting Under the Anticybersquatting Consumer Protection Act (ACPA)**
**(15 U.S.C. § 1125(d)(1))**

19. Plaintiff hereby repeats each and every allegation set forth in paragraphs 1 to 14 above as set if fully set forth herein.

20. 15 U.S.C. § 1125(d)(1)(A) provides that:

A person shall be liable in civil action by the owner of a mark, including a personal name which is protected as a mark under this section, if, without regard to the goods or services of the parties, that person –

    (i) Has a bad faith intent to profit from that mark; and

    (ii) Registers, traffics in, or uses a domain name that –

       I.    In the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark …

21. On May 3, 2014, the Defendant offered workbetter.com for sale to the Plaintiff.

22. On May 15, 2014, the Defendant attempted to sell workbetter.com to Plaintiff for a figure that he stated would be a high price.

23. The Defendant renewed and/or updated the registration for workbetter.com on February 7, 2015.

24. Workbetter.com is virtually identical to, and/or confusingly similar to the WORK BETTER Service Mark, which was distinctive at the time that the Defendant renewed and/or updated the registration of workbetter.com.

25. The Defendant is not using workbetter.com.  He is simply holding the domain name with a bad-faith intent to profit from the WORK BETTER Service Mark.

26. The Defendant has no *bona fide* noncommercial or fair use of the WORK BETTER Service Mark.

27. Upon information and belief, the Defendant intends to, in bad-faith, sell workbetter.com to Plaintiff at a price much higher than registration and maintenance fees for workbetter.com.

28. There is a "distinctiveness" presumption as of April 14, 2014, the date of Plaintiff's application for the WORK BETTER Service Mark.

29. The Defendant renewed and/or updated the registration for workbetter.com on February 7, 2015.

30. The Defendant's activities as alleged herein therefore violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1). The Defendant's acts have caused, and will continue to cause, irreparable injury to the Plaintiff.

31. The Plaintiff offers office and computerized management services under the registered trademark Work Better and is understandably concerned that its customers when entering workbetter.com would not be directed to the Plaintiff's website and would instead be misdirected to the Defendant.

32. The Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

i. A declaratory judgment that the Defendant has engaged in cybersquatting in violation of the Anticybersquatting Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)(A).

ii. An Order transferring the Workbetter.com domain name to the Plaintiff.

iii. Costs and fees as allowed by law.

iv. Any further relief that the Court finds just and proper.

Dated: New York, New York
June 24, 2015

Respectfully submitted,

**BOSTANY LAW FIRM, PLLC**

_____
Roman Popov, Esq. (RP7625)
*Attorneys for Plaintiff*
OFFICE SPACE SOLUTIONS, INC.
40 Wall Street, 28th Floor
New York, New York 10005
(212) 530-4400
roman@bozlaw.com

## DECLARATION

**HARSH MEHTA** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Vice President of Office Space Solutions, Inc., the Plaintiff in this action.

2. I have read the foregoing Complaint and know the contents thereof. The same is true to my knowledge except as to the matters stated to be alleged on information and belief and as to those matters I believe them to be true.

Dated: New York, New York
June 24, 2015

_____
Harsh Mehta