UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OFFICE SPACE SOLUTIONS, INC.,

            Plaintiff,

    -*against*-

JASON KNEEN,

            Defendant.

**DECLARATION**

Civil Action No.: 15CV4941(LAK)

ECF Case

---

**HARSH MEHTA** hereby declares, under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Vice President of the Plaintiff Office Space Solutions, Inc. and respectfully submit this Declaration in support of the Instant Motion to freeze the domain workbetter.com so that it cannot be transferred by the defendant during the pendency of this litigation.

2. For many years now, the defendant has held the workbetter.com domain in his inventory of over 100 domains for resale.

3. Defendant does not have any business associated with workbetter.com and there is no website attached to the domain.

4. The defendant is a foreign National and at the present time, the domain is registered with a company known as Enom based in Washington State. Many of the defendant's other domains are registered with foreign domain registrars.

5. There is a concern that the defendant may transfer workbetter.com to a foreign registrar and as such, make it more difficult for any order that this court may enter which directs the transfer of the domain name to be enforced.

6. There is absolutely no prejudice that can inure to the defendant if the domain name is frozen, since the defendant is not conducting any business whatsoever with respect to workbetter.com other than listing it along with other domains that are available for sale.

7. I own the registered trademark Work Better.  Plaintiff applied for the trademark in April of 2014 because it intended to start a business associated with Work Better, which caters to startup companies that desire a workspace and virtual software to assist them in their business activities, and the Plaintiff has started that business.

8. The United States Patent and Trademark Office granted the application and a registration was issued to the Plaintiff in May of 2015. A copy is respectfully annexed as **Exhibit A**.

9. After I applied for the mark in April of 2014, I was contacted by the defendant concerning the sale of the domain.

10. The defendant's seeking a price that he thought I would find too high is clearly setting me up to force me to purchase the domain workbetter.com for an exorbitant fee.

11. It is respectfully asked that this Honorable Court maintain the status quo and freeze the domain while it determines whether the plaintiff should prevail in the underlying suit.

Dated: New York, New York
June 25, 2015

_____
Harsh Mehta