UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

OFFICE SPACE SOLUTIONS, INC.

                Plaintiff,

Case No. 1:15-CV-04941 (LAK)

DECLARATION OF JASON KNEEN IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S PRELIMINARY INJUNCTION

*ECF CASE*

              -against -

JASON KNEEN,

                Defendant.
————————————————————

I, Jason Edmund Brian Keen, declare as follows:

1.    I am 44 years of age, a citizen of the United Kingdom and reside with my wife in Wiltshire, UK.

2.    I submit this declaration in support of Defendant's Opposition to Plaintiff's TRO and Preliminary Injunction.

3.    I am presently a freelance mobile application developer. In the course of my career I have been engaged in website development, technical sales and management, and I have never been employed nor have I resided in the United States.

4.    I own no property in the United States and have no bank accounts in the United States.

5.    In 2014, I spoke at a pair of technical conferences in Atlanta, Georgia and New York, New York on the subject of mobile application development. My visit to the United States was at the invitation of the conference organizers to speak on a technical topic, and did not relate to any dealings in domain names.

6. In the course of website development and mobile application development during my career, I have found it useful to register and maintain descriptive domain names denoting subjects that may be useful for planned or envisioned services. Because domain name registrations in .com have increased in volume, it is helpful to register such domain names while they are available, as they may not be available in the future.

7. From time to time, I have registered sets of domain names around particular descriptive themes. When I was engaged in development of software for "pocket" computing devices, I had registered a set of domain names including pocketapps.com, pocketdatabase.com, pocketgames.com and pocketlife.com, since they were available for registration and I believed they would become useful for a range of applications for such computing devices.

8. In 1999, I registered a set of domain names around the theme of the word "work". These domain names were workbetter.com, workharder.com, and workfaster.com. I believed this set of domain names would be useful for future development for productivity application software. Pending their suitability for such a project, I have used them to direct traffic to my personal online journal.

9. I am not engaged in the business of registering domain names for resale. I have been approached many times over the years with inquiries to purchase domain names which I have registered. In 2008, I was approached by a company in Australia who offered to buy the domain name pocketlife.com and I agreed to sell them that domain name. Prior to then, I had sold the domain name pocketgames.com in 2004 to a company in Korea which had approached me to purchase it. Those are the only two domain names I have ever transferred to another party in a domain sale transaction.

10. Prior to April 2014, the domain name workbetter.com was registered to me through the domain name registrar Enom.com. Enom.com provides an automatic maintainance

2

fee payment facility, by which I have provided my credit card payment information which is kept on file with Enom. When the annnual fee for the domain name is due, Enom.com automatically charges the fee to my card and extends the expiration date of the domain name by another year.

11. On April 23, 2014, I received a message from a Harsh Mehta through LinkedIn.com, a professional networking service, stating, "I am reaching out to you in reference to WorkBetter.com - a domain name that you own and redirects to your personal website." Mr. Mehta claimed to be working on a new project and expressed interest in buying the workbetter.com domain name. Mr. Mehta's initial contact to me, and the ensuing conversation is attached hereto as Exhibit A, which is a correct and complete transcript of the conversation initiated by him on April 23, 2014.

12. Prior to receiving the April 23, 2014 solicitation from Mr. Mehta, I had never heard of him, did not know who he was, did not know where he was located, and had never heard of his company or any claimed rights by either him or his company.

13. In the April 23, 2014 solicitation from Mr. Mehta shown in Exhibit A, Mr. Mehta claimed he was working on a "new project" that was focused on helping other people to "work better". I took Mr. Mehta at his word, and did not understand his interest in the domain name to arise from any claim of trademark rights. Based on his statements, I believed he wanted a suitably descriptive domain name for his new project.

14. The conversation with Mr. Mehta via LinkedIn shown in Exhibit A concluded on May 15, 2014. I discontinued the discussion with Mr. Mehta and did not reply to his last message in the conversation, because Mr. Mehta had said a sale was "unlikely", and I had no desire to sell the domain name or to pursue the conversation further.

15. On June 24, 2014, I received an email from an internet domain name registrar, informing me that Mr. Mehta had attempted to initiate a transfer of the domain name without my

authorization and consent. The notification bore Mr. Mehta's name and contact details. A true and correct copy of the June 24, 2014 e-mail is attached hereto as Exhibit B,

16. Upon being informed that Mr. Mehta was attempting to transfer my domain name without authorization and consent, I immediately contacted Mr. Mehta via LinkedIn.com, and he denied responsibility for the attempted unauthorized transfer which bore his name and contact details. A true and correct copy of the LinkedIn.com correspondence is attached hereto as Exhibit C.

17. Additionally, on June 24, 2014, I publically posted my concern that the domain name was apparently being stolen on Twitter.com, notifying both Mr. Mehta and the domain registrar who notified me of the unauthorized transfer request. A true and correct copy of the ensuing Twitter.com discussion is attached as Exhibit D.

18. From at least as early as April 2104, before being contacted by Mr. Mehta, until now, I have not transferred, registered to another party, changed registrars nor updated the domain name registration information for workbetter.com in any way.

19. At no time prior to learning of the present legal action was I aware of any United States or other trademark registration or application to register "WORK BETTER" as a trademark for goods or services of any kind.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed: July 2, 2015

_____
Jason Kneen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is the attorney for Defendant in the above-captioned action and that on the date which appears below, served copies of the foregoing DECLARATION OF JASON KEEN IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF OFFICE SPACE SOLUTIONS, INC.'S MOTION FOR PRELIMINARY INJUNCTION by causing copies thereof to be served via e-mail and via Federal Express to the following:

John P. Bostany, Esq.
Roman Popov, Esq.
Bostany Law Firm, PLLC
40 Wall Street, 28th Floor
New York, NY  10005
E-Mail: mail@bozlaw.com

Dated: July 7, 2015                                  /s/ Karen J. Bernstein
                                                     Karen J. Bernstein